IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES ASPERGER and DEBRA ASPERGER,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 07-772-GPM ) |
| **SHOP VAC CORPORATION and SEARS HOLDINGS CORPORATION, d/b/a K-Mart,** | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for reconsideration brought by Defendant Shop Vac Corporation ("Shop Vac") (Doc. 13). On November 1, 2007, Shop Vac removed this case from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court in federal diversity jurisdiction. On November 26, 2007, the Court remanded this case to state court for lack of federal subject matter jurisdiction. Shop Vac now seeks reconsideration of the Court's remand order. For the following reasons, Shop Vac's motion for reconsideration is **DENIED**.

Under 28 U.S.C. § 1447, in every case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The statute provides further that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). In general, under Section 1447, upon entry of an order remanding a removed case to state

court on grounds enumerated in subsection (c) of the statute, including lack of subject matter jurisdiction, a district court is precluded by subsection (d) of the statute from reconsidering its remand order. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (citing *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)); *Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2219102, at *1 (S.D. Ill. July 27, 2007); *Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 800 (S.D. Ill. 2007); *Pio v. General Nutrition Cos.*, 488 F. Supp. 2d 714, 718-19 (N.D. Ill. 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1105-06 (S.D. Ill. 2007); *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 764-65 (E.D. Wis. 2000); *Rice v. Mayflower Transit, Inc.*, No. 95 C 0846, 1995 WL 347957, at *1 (N.D. Ill. June 8, 1995). *Accord In re Lowe*, 102 F.3d 731, 734-36 (4th Cir. 1996); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992); *In re Shell Oil Co.*, 631 F.2d 1156, 1157-58 (5th Cir. 1980); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969); *Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999). Thus, under Section 1447(d) the Court cannot reconsider its order remanding this case to state court for lack of subject matter jurisdiction.

Moreover, on November 27, 2007, a certified copy of the Court's order remanding this case to state court was mailed to the clerk of the Madison County circuit court, thereby terminating the Court's jurisdiction in this case. "[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987). *See also Coy Chiropractic Health Ctr., Inc.*,

2007 WL 2219102, at *2; *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, No. Civ.MDL-03-1562-GPM, Civ.05-10007-GPM, 2006 WL 839429, at *1 (S.D. Ill. Mar. 29, 2006); *Good v. Kvaerner U.S., Inc.*, No. IP 1:03-CV-0476 SEB-VSS, 2003 WL 23104240, at **1-2 (S.D. Ind. Dec. 12, 2003); *Pickard v. Central States S.E. & S.W. Areas Health & Welfare Fund*, No. 02-C-0282-C, 2003 WL 23104276, at **1-2 (W.D. Wis. Feb. 12, 2003); *Heller v. Komatsu Forklift Co.*, 869 F. Supp. 604, 605-06 (N.D. Ill. 1994); *Eby v. Allied Prods. Corp.*, 562 F. Supp. 528, 531 (N.D. Ind. 1983). *Accord Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 312 (2d Cir. 2005); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081-82 (3d Cir. 1992); *Seedman v. United States Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 1060-61 (6th Cir. 1986); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984); *MacLeod v. Dalkon Shield Claimants Trust*, 886 F. Supp. 16, 19 (D. Or. 1995); *Cook v. J.C. Penney Co.*, 558 F. Supp. 78, 79 (N.D. Iowa 1983); *Dorsey v. State*, 357 N.E.2d 280, 282-83 (Ind. Ct. App. 1977). *Cf. Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1017 n.5 (S.D. Ill. 2007). Therefore, jurisdiction in this case has been re-vested in the state court, and this Court possesses no jurisdiction in the case.

To conclude, Shop Vac's motion for reconsideration of the Court's order remanding this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction (Doc. 13) is **DENIED.**

**IT IS SO ORDERED.**

DATED: 11/30/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge